**Petition of Mehmet Sabhittin GIZ To be admitted a citizen of the United States of America.**

**No. 265956.**

United States District Court
C. D. California.
Feb. 8, 1967.

---

Lloyd A. Tasoff, Los Angeles, Cal., for petitioner.

Sidney Gren, Gen. Atty., Nationality Immigration and Naturalization Service, Los Angeles, Cal., for the government.

## MEMORANDUM OPINION

FERGUSON, District Judge.

This involves a final hearing pursuant to 8 U.S.C.A. § 1447 on a petition to naturalize, the Immigration and Naturalization Service having recommended denial on the basis of 8 U.S.C.A. § 1426.

The question presented is whether the petitioner has established he is not barred from naturalization, the question arising by reason of the fact that on December 31, 1942, at his request, the petitioner, a national of Turkey, was exempted from training and service in the armed forces of the United States and since that time has never served in the armed forces of the United States. Section 1426 provides: " * * * any alien who applies or has applied for exemption or discharge from training or service in the Armed Forces or in the National Security Training Corps of the United States on the ground that he is an alien, and is or was relieved or discharged from such training or service on such ground, shall be permanently ineligible to become a citizen of the United States."

The record in this case reveals that the petitioner, a citizen of Turkey, entered the United States on September 9, 1936, as a student. After studying English in Massachusetts, he entered the University of California as a pre-dental student. In 1940 he registered with his local draft board, and on December 31, 1942, he appeared at the board in Berkeley and executed DSS Form 301 which requested that by reason of the fact that he was a citizen of the Republic of Turkey which was neutral in World War II he applied to be relieved from liability for training and service in the land or naval forces of the United States under the Selective Training and Service Act. The form executed by the petitioner stated further: "I understand that the making of this application to be relieved from such liability will debar me from becoming a citizen of the United States."

Petitioner seeks to be relieved of his agreement that he will be debarred from becoming a citizen of the United States on two grounds: (1) that pursuant to the Selective Training and Service Act of 1940 he was not a male person residing in the United States and, therefore, was not required to register under the Act, and (2) that he should be relieved from the effect of signing Form DSS 301 as he did not knowingly and intentionally waive his right to citizenship. He contends that when he came to the United States as a student it was his intention to go back to Turkey when his studies were finished. If he served in the armed forces of the United States it would mean losing his Turkish citizenship. He claims that the Turkish Consul had advised him to keep his citizenship at any cost. If he had been inducted into the armed forces of the United States he would have not received any more money from Turkey to sustain him-

self in the United States during his studies. He claims that signing the DSS Form 301 was a matter of survival.

In regard to the first issue of whether or not he was required to register under the Selective Training and Service Act, that has been decided in Giz v. Brownell, 99 U.S.App.D.C. 339, 240 F.2d 25 (1956), the petitioner here being the appellant there.

■ In regard to the second issue, the Court finds that the petitioner did not bring himself under any exemption of his free and voluntary act. As stated by the Supreme Court in Berenyi v. District Director, Immigration and Naturalization Service, No. 66, October Term, 1966, decided January 23, 1967, (385 U.S. ——, 87 S.Ct. 666, 17 L.Ed.2d 656): "For these reasons, it has been universally accepted that the burden is on the alien applicant to show his eligibility for citizenship in every respect. This Court has often stated that doubts 'should be resolved in favor of the United States and against the claimant.'"

■■ The petitioner seeks to invoke the sympathy of the Court to relieve him from his free and voluntary act, claiming that financial conditions dictated that he sign the DSS Form 301. He admits that he knew what he was signing when he signed the form. He knew that signing the form and claiming the exemption would bar him from citizenship. He claims that it was not an intelligent waiver. It is the finding of the Court that there was a free and voluntary waiver, and that he knowingly and intelligently waived his right to citizenship. As the Court of Appeals in Giz v. Brownell, supra, stated: "He brought himself squarely within the provision of § 3(a) of the Selective Training and Service Act, and thereby he became 'debarred from becoming a citizen of the United States.' He not only sought and received the benefits and the protection of life in the United States, he pursued and completed his professional education while tens of thousands of others responded to the nation's wartime needs. But not Giz." To further quote from Giz v.

Brownell, 240 F.2d on page 30: "No neutral alien was compelled to serve in our military forces, but when Giz claimed relief from such service because he was a neutral alien, Congress said that he was not to become a citizen of the United States in the future. To us it seems that Giz comes squarely within the interdiction."

It is ordered that judgment be entered denying the petition.

It is further ordered that the respondent shall prepare appropriate findings of fact and conclusions of law, a form of judgment and all other documents necessary for the complete disposition of this case, and lodge such documents with the Clerk of this Court within seven (7) days hereof pursuant to the applicable rules and statutes.

It is further ordered that the Clerk this day serve copies of this Memorandum Opinion by United States mail upon the attorneys for the parties appearing in this cause.